UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAROL HERRING, ANGELA BRYANT, ALLISON F. TOTH, MELISSA FRYE, CATHERINE CERDA, TAMMY WESLEY, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>Vs.<br><br>HEWITT ASSOCIATES, LLC,<br><br>Defendant. | Case No. 3:06-cv-00267 (TJB)<br><br>RECEIVED<br><br>MAR 20 2009<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

**ORDER GRANTING FINAL APPROVAL**
**OF CLASS ACTION SETTLEMENT AND JUDGMENT**

**THIS CASE** coming on for hearing before the Honorable Tonianne Bongiovanni, U.S.M.J. on March 19, 2009, in order for this Court to conduct a final fairness hearing to determine whether the proposed Settlement Agreement between the parties is fair, reasonable and adequate, and to address Class Counsel's application for an award of attorney's fees and costs; and the settlement Class members being represented by Class Counsel and Defendant being represented by its attorneys;

**AND THE COURT**, having read and considered the parties' Settlement Agreement Waiver and Release ("Settlement Agreement") and all the papers appurtenant thereto submitted by Class Counsel, having reviewed and considered Plaintiffs' Memorandum in Support of Final Approval of Class Action Settlement, for an Award of Expenses and Attorneys' Fees, and for Approval of Incentive Awards to the Class Representatives and the declarations submitted in support of the motion, the oral

1

arguments of counsel presented to the Court, and all papers filed and proceedings had herein, and good cause appearing, now makes the following:

## FINDINGS OF FACT

1.  This litigation was commenced as actions in this Court and in Texas in 2006 and 2005, respectively, as putative collective and class actions.

2.  After several years of intensive litigation, including extensive discovery and motion practice, and as a result of intensive, arm's length negotiations between Class Counsel and Defendant, including settlement conferences before a noted mediation service and mediator, the parties have reached accord with respect to a Settlement that provides substantial benefits to Class members, in return for a release and dismissal of the claims at issue in this case against the Defendant as set forth in the Settlement Agreement. The resulting Settlement Agreement was preliminarily approved by the Court on December 9, 2008

3.  As part of the Order Granting Preliminary Approval, this Court approved a plan of notice, which provided Settlement Class members notice of the proposed settlement. The notice provided an opportunity for the Settlement Classes' members to file objections to the Settlement, and an opportunity to opt-out of the Settlement.

4.  As of the deadline for the filing of objections, no objections were filed. Given the size of this Settlement, and the notice procedure utilized, this Court finds that the absence of any objections is indicative of the fairness, reasonableness and adequacy of the Settlement with the Defendant.

5.  The settling parties have filed with the Court an declaration from the Settlement Administrator, Rust Consulting, Inc., declaring that the mailing of the Court-approved

notice, consistent with the notice plan, has been completed, as have subsequent reminder notices pursuant to the parties' requests for such remainder notices.

4. The Court finds that notice was provided to the Settlement Classes' members in accordance with the Settlement Agreement and the Court's preliminary approval order. The Court finds and determines that the notice provided in this case was the best notice practicable. The Court further holds that the notice was accurate, objective, informative, and provides members of the Settlement Classes with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness, and therefore satisfies the requirements for notice under applicable law.

7. Any persons who wished to be excluded from this action were provided an opportunity to "opt-out" pursuant to the notice. All persons who have validly excluded themselves from the action have no rights under the Settlement Agreement and shall not be bound by the Settlement Agreement or the final judgment herein and the names of those persons, who number just two, are Melissa Cornish and Kristina Aguinaga.

8. Settlement Class members are bound by the: Settlement, Settlement Agreement, releases contained within the Settlement Agreement, and the Final Order and Judgment. Settlement Class members do not have a further opportunity to opt-out of this Action.

9. Any persons who wished to object to any part of the Settlement, including its terms, the requests for fees and expenses by Class Counsel and the proposed awards to the Representative Plaintiffs, were provided an opportunity to do so pursuant to the notice. No objections to any part of the Settlement were received and, accordingly, all members of the Settlement Classes, aside from the two individuals who opted-out of the Settlement and who are denominated by name above, are deemed to have waived any

such objection by appeal, collateral attack, or otherwise.

10. On the basis of all of the issues in this litigation, and the provisions of the Settlement Agreement, the Court is of the opinion that the Settlement is a fair, reasonable and adequate compromise of the claims against the Defendant in this case, pursuant to Rule 23 of the Federal Rules of Civil Procedure. There are a number of factors which the Court has considered in affirming this Settlement, including:

    a. The liability issues in this case have been vigorously contested.

    b. This Settlement has the benefit of providing relief to the Settlement Class members now, without further litigation, under circumstances where the liability issues are still vigorously contested among the parties to this litigation and among the parties to the individual litigation. This Settlement provides the Settlement Class members with a substantial monetary benefit.

    c. This Settlement is clearly a byproduct of hard-fought litigation between the parties, and not a result of any collusion on the part of Class Counsel or counsel for the Defendant.

11. Class Counsel provided notice to the Settlement Classes' members notice of their proposed application for reasonable attorneys' fees, costs, and expenses consistent with the terms of the Settlement Agreement and this Court's order preliminarily approving the Settlement. This Court has considered Class Counsel's request and hereby grants the request.

12. The claims procedure established under the Settlement Agreement is fair, a simplified process, and workable. In any event, the Court will retain jurisdiction to work out any unanticipated problems.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND THE COURT HEREBY MAKES THE FOLLOWING CONCLUSIONS OF LAW:**

13. This Court has jurisdiction over the parties and the subject matter of this proceeding.

14. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the following Settlement Classes are certified for purposes of final settlement:

> a. **FEDERAL SUBCLASS** – individuals employed as benefits analysts for Hewitt in Job Codes 1445, 1446 and 1447 who opted in to the *Herring* case for work performed in any state in the country between January 20, 2003, and the date of final Court approval of the settlement.
>
> b. **STATE SUBCLASS** – all individuals employed as benefits analysts for Hewitt: (i) in California at any time from April 11, 2004, through Preliminary Approval; (ii) in Connecticut at any time from June 17, 2006, through Preliminary Approval; (iii) in Illinois at any time from April 22, 2005, through Preliminary Approval; (iv) in New Jersey at any time from April 15, 2006, through Preliminary Approval; (v) in New York at any time from June 17, 2002, through Preliminary Approval; (vi) in Pennsylvania at any time from June 17, 2005, through Preliminary Approval; and (vii) in Wisconsin at any time from June 17, 2006, through Preliminary Approval.

15. The Court finds that, for the purpose of this Settlement, the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied, and that a class action is an appropriate method for resolving the disputes in this litigation. All the prerequisites for class certification under Rule 23 are present. The Settlement Classes' members are ascertainable and too numerous to be joined. Questions of law and fact common to all Settlement Classes' members predominate over individual issues and should be determined in one proceeding with respect to all of the Settlement Classes' members.

The Class Representatives' claims are typical of those of the Settlement Classes. The class action mechanism is superior to alternative means for adjudicating and resolving this action.

16. The Court finds that final approval of the payment of twenty three thousand dollars ($23000) as incentive payments to the Named Plaintiffs in the following amounts: seven thousand five hundred dollars ($7500) to Carol Herring; seven thousand five hundred dollars ($7500) to Angela Bryant; two thousand dollars ($2000) to Allison F. Toth; two thousand dollars ($2000) to Melissa Frye; two thousand dollars ($2000) to Catherine Cerda; and two thousand dollars ($2000) to Tammy Wesley are warranted. The Court finds that these amounts are reasonable and equitable incentive payments for the time each spent in deposition, responding to discovery, and/or otherwise working with Class Counsel to prosecute and resolve this case.

17. Class Counsel are qualified, experienced, and have aggressively litigated this case, thereby demonstrating their adequacy as counsel for the Settlement Class. The Court finds that final approval of attorneys' fees in the amount of one million six hundred and seventeen thousand dollars ($1,617,000.00 million) is warranted. The Court finds that this amount is justified by the work performed, skill, risks taken, and results achieved by Class Counsel. The Court also finds that approval of the $120,204.59 attorneys' costs application is warranted, based on Plaintiffs' counsel's actual out of pocket costs and expenses as demonstrated in the Declaration of Seth Lesser and that approval of payment of such other incidental expenses, not to exceed $500, as may have been incurred or will be incurred in connection with the Final Approval Hearing and the finalization of the Settlement is also warranted.

19. The Courts finds that the request for payment of the incurred and anticipated costs of the Settlement Administrator, Rust, as set forth in the Declaration of Seth Lesser are reasonable and justified.

18. The Court finds that final approval of the Settlement Agreement, as being fair, reasonable and adequate, pursuant to Rule 23 of the Federal Rules of Civil Procedure is warranted and that all of the Settlement Classes' members who have made valid claims on the Settlement should be entitled to receive their share of the settlement fund pursuant to the terms of the Settlement Agreement.

**NOW, THEREFORE, ON THE BASIS OF THE FOREGOING FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. The motion for Final Approval of the proposed Settlement is GRANTED.

2. The Settlement Classes representatives are entitled to and are hereby awarded payments in the following amounts: seven thousand five hundred dollars ($7500) to Carol Herring; seven thousand five hundred dollars ($7500) to Angela Bryant; two thousand dollars ($2000) to Allison F. Toth; two thousand dollars ($2000) to Melissa Frye; two thousand dollars ($2000) to Catherine Cerda; and two thousand dollars ($2000) to Tammy Wesley, such amounts to be paid by the Settlement Administrator to these individuals upon Final Approval.

3. The Class Counsel's application for attorneys' fees and expenses is granted in the amount of $1,617,000.00 for fees and $120,204.59 for expenses, as well as such other incidental expenses, not to exceed $500, as may have been incurred or will be incurred in connection with the Final Approval Hearing and the finalization of the Settlement, and

the Settlement Administrator is ordered upon Final Approval to pay such amounts to Seth Lesser of Klafter Olsen & Lesser LLP for disbursement to the Class Counsel's law firms.

4. The costs and expenses incurred to date or hereafter incurred for finalization of the Settlement by the Settlement Administrator, estimated to be approximately $55,000, but not to exceed $70,000 without leave of this Court and subject to approval by Class Counsel, are granted for payment and the Settlement Administrator can disburse to itself from the Settlement funds such payments, upon approval by Class Counsel.

5. Within fourteen (14) days of Final Approval, the Settlement Administrator shall effectuate distribution of the settlement funds to class members by mailing checks via first class mail to each class member who has timely returned a Claim form, as well as to each federal subclass member who filed a consent to join the action prior to preliminary approval. Each check shall be in the amount of the respective class member's claim share, which shall be calculated in accordance with the terms set out in the Settlement Agreement, §10(d).

6. Within fourteen (14) days of Final Approval and contemporaneously with the mailing of the settlement payments to class members, the Settlement Administrator shall also mail via first class mail the incentive payments to each named Plaintiff in the amounts set out above.

7. Within one hundred twenty (120) days of the date of Final Approval, the Settlement Administrator shall transfer ant remaining settlement funds to the American Red Cross, as the cy pres beneficiary of all residual funds.

8. Within one hundred thirty (130) days of the date of Final Approval,, the Settlement Administrator shall file a declaration with the Court certifying that the

settlement awards have been sent to Class Members.

9. All members of the Settlement Classes shall be bound by all determination and judgments in the Action concerning the Settlement.

10. Neither the Settlement, nor any of its terms of provisions, nor any of the negotiations or proceeding connected with it, shall be construed as an admission or concession by any party of the truth of any allegation in the Action or of any liability, fault, or wrongdoing of any kind.

11. Final Judgment is hereby entered in this action, consistent with the terms of the Settlement Agreement.

12. This Action and all claims against the Defendant are hereby dismissed with prejudice, but the Court shall retain exclusive and continuing jurisdiction of the Action, all Parties, and Settlement Classes' members, to interpret and enforce the terms, conditions and obligations of this Settlement Agreement.

**IT IS SO ORDERED.**

Dated: March 19, 2009

Hon. Tonianne Bongiovanni
United States Magistrate Judge